KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG #5111
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808)541-2850
E-mail:  Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 18-00059 JMS-KSC |
| ) | |
| Plaintiff, ) | Government's Motion *in Limine* |
| ) | No. 1 (regarding the trial testimony |
| ) | of Adriana Woods & Brent Calkins); |
| vs. ) | Declaration of Marshall Silverberg; |
| ) | Memorandum of Law; Certificate |
| PETER CHRISTOPHER, ) | of Service |
| ) | |
| Defendant. ) | Trial Date: November 6, 2018 |
| ) | Time: 9:00 a.m. |
| ) | Judge: Hon. J. Michael Seabright |
| ) | |

**GOVERNMENT'S MOTION IN LIMINE NO. 1**
**(regarding the trial testimony of Adriana Woods & Brent Calkins)**

The United States of America ("the government") hereby moves this Court for permission to allow the witnesses Adriana Woods and Brent Calkins (who are married to each other) to testify at trial pursuant to an alternative oath. Ms. Woods and Mr. Calkins do not want to swear "under God."

This motion is made pursuant to Federal Rule of Criminal Procedure 47, Federal Rule of Evidence 603, and is based upon the attached Memorandum of Law, the Declaration of Marshall H. Silverberg, and the files in this case.

DATED: July 19, 2018, Honolulu, Hawaii.

    Respectfully submitted,

    KENJI M. PRICE
    United States Attorney
    District of Hawaii

By:   */s/ Marshall H. Silverberg*
      MARSHALL H. SILVERBERG
      Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00059 JMS |
| | ) | |
| Plaintiff, | ) | DECLARATION OF |
| | ) | MARSHALL H. SILVERBERG |
| | ) | |
| vs. | ) | |
| | ) | |
| PETER CHRISTOPHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF MARSHALL H. SILVERBERG

I, Marshall H. Silverberg, declare that:

1. I am an Assistant United States Attorney for the District of Hawaii. I represent the United States in the captioned matter.

2. Department of State Special Agent Lance Bossard has interviewed anticipated witnesses Adriana Woods and Brent Calkins (who are married to each other). Ms. Woods and Mr. Calkins have informed Special Agent Bossard that they are unwilling to "swear before God" before testifying. They also informed Special Agent Bossard that they are willing to take the proposed oath set forth in the Memorandum of Law, attached hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 19, 2018, at Honolulu, Hawaii.

>*/s/ Marshall H. Silverberg*
>MARSHALL H. SILVERBERG

FOR THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 18-0059 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| PETER CHRISTOPHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW**

### I. **Factual Background**

The government has been informed by two of its witnesses, Adriana Woods and Brent Calkins (who are married to each other), that although they are willing and able to testify truthfully during the trial in the captioned matter, they prefer not to swear to God before doing so. Declaration of Marshall H. Silverberg at ¶ 2. They further stated that before testifying that they are willing to swear to testify truthfully via an alternative oath, one that does not involve God. *Id.*

For the reasons set forth below, the Court should permit them to do so.

### II. **Argument**

Federal Rule of Evidence 603 provides that "[b]efore testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." Fed. R. Evid. 603. The accompanying Advisory Committee Note emphasizes that "[t]he rule is designed to afford the flexibility required in dealing with religious adults, atheists, conscientious objectors, mental defectives, and children." Fed. R. Evid. 603 Advisory Committee's Note to 1987 amendment. It further adds that an "[a]ffirmation is simply a solemn undertaking to tell the truth; no special formula is required." *Id.* Common law recognizes that "trial witnesses may take an oath or simply affirm that they will testify truthfully; they need not swear to tell the truth." *Lawson v. Washington*, 296 F.3d 799, 809 (9th Cir. 2002).

2

Any person who has conscientious scruples about taking an oath may be allowed to make an affirmation. *See, e.g.*, Fed. R. Evid. 603. The requirement may be satisfied by substituting the word "affirm" instead of the word "swear", and also the words "this you do under the pains and penalties of perjury", instead of the words "so help you God". *See Bram v. United States*, 168 U.S. 532, 567 (1897). The court is allowed some discretion because the requirement may be satisfied in multiple ways. *Id*

## A. No Particular Formalities are Required

For definitional purposes, in determining any Act of Congress, the word "oath" includes affirmation, and "sworn" includes affirmed. 1 U.S.C. § 1; *see also* Fed. R. Crim. P. 1(b)(6) ("Oath" includes an affirmation). Although no specific form of oath is required, the oath must be sufficiently clear that the declarant is aware that he or she is under oath and required to speak the truth. *United States v. Yoshida*, 727 F.2d 822, 823 (9th Cir. 1983).

In interpreting the requirements of an oath, the Ninth Circuit has held:

> [N]o particular formalities are required for there to be a valid oath. It is sufficient that, in the presence of a person authorized to administer an oath ... the affiant by an unequivocal act consciously takes on himself the obligation of an oath, and the person undertaking the oath understood that what was done is proper for the administration of the oath and all that is necessary to complete the act of swearing.

*Yoshida*, 727 F.2d at 823.

3

As a threshold, the witness need only say so much as "I state that I will tell the truth in my testimony." *See United States v. Ward,* 989 F.2d 1015, 1020 (9th Cir. 1992) (citing *United States v. Fowler,* 605 F.2d 181, 185 (5th Cir. 1979)) (concluding that the lower court properly refused testimony from a defendant who would not say so much as "I state that I will tell the truth in my testimony," and was willing to say only "I am a truthful man" or "I would not tell a lie to stay out of jail.")

In *Ward,* the defendant proposed an alternative oath that replaced the word "truth" with the phrase "fully integrated honesty." 929 F.2d at 1020. This alteration was accepted and the court concluded that the "[defendant's] attempt to express a moral or ethical sense of right and wrong, coupled with the de rigueur, brings his beliefs squarely within those safeguarded by the free exercise clause." *Id.*

## B. Ending with "So Help You God" is Not Required

The "First Amendment's guarantee of the free exercise of religion requires that ... procedural rules be interpreted flexibly to protect sincerely-held religious beliefs and practices." *Gordon v. State of Idaho,* 778 F.2d 1397, 1402 (9th Cir. 1985). The "[c]ourts that have considered issues involving oaths and affirmations have interpreted procedural rules flexibly to accommodate religious objections." *Id.*

4

An "oath or affirmation may be done using, moral, religious, or legal terms; so long as the declarant expresses the fact the he or she is impressed with the solemnity and importance of his or her words and the promise to be truthful." *United States v. Bueno-Vargas* 383 F.3d 1104, 1110 (9th Cir. 2004). If a statement is devoid of any reference to God, it may still may qualify as an affirmation. *Id* (denying defendant's contention that the agent's faxed Statement of Probable Cause failed to satisfy the oath or affirmation requirement because it was made only "under penalty of perjury"). Furthermore, "Black's [Dictionary] defines an affirmation as a pledge equivalent to an oath but without reference to a supreme being or to swearing." *Id* (quoting *United States v. Brooks,* 285 F. 3d 1002, 1105 (8th Cir. 2002)).

If a party claims that raising their right hand and swearing an oath, or making an affirmation, violates their sincerely-held religious beliefs, they may be awarded flexibility to protect such beliefs. *Gordon,* 778 F.2d at 1402. In *Gordon,* at oral argument, the plaintiff stated that before his deposition, he was willing to state: "I understand that I must tell the truth. I agree to testify under penalty of perjury. I understand that if I testify falsely I may be subject to criminal prosecution." *Id.* The court concluded that such a statement would satisfy the oath or affirmation requirement. *Id.*

5

Other circuits have also determined that the "common law ... requires neither an appeal to God nor the raising of a hand as a prerequisite to a valid oath." *United States v. Looper* 419 F.2d 1405, 1407 (4th Cir. 1969). All that the common law requires is a form or statement which impresses upon the mind and conscience of a witness the necessity for telling the truth. *Id.*

### C. A proposed oath for Ms. Woods and Mr. Calkins

The government proposes that Ms. Woods and Mr. Calkins take the following oath:

> I understand that I must tell the truth. I swear to testify truthfully under penalty of perjury.

The government believes that the proposed oath complies with the dictates of Fed. R. Evid. 603 and the Ninth Circuit's holding in *United States v. Ward*, 989 F.2d at 1019. Ms. Woods and Mr. Calkins have agreed to take it.

### III. Conclusion

For the foregoing reason, the motion should be granted and Ms. Woods and Mr. Calkins should be allowed to take the alternative proposed oath.

Dated: July 19, 2018, at Honolulu, Hawaii.

> KENJI M. PRICE
> United States Attorney
> District of Hawaii
>
> By: /s/ *Marshall H. Silverberg*
> Marshall H. Silverberg
> Assistant U.S. Attorney

6

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

**Served Electronically via CM/ECF:**

| | |
|---|---|
| Megan Kau, Esq.<br>Stand-by Counsel for Defendant<br>PETER CHRISTOPHER | mk@megkaulaw.com |

**Served via Electronic Mail and U.S. Mail:**

| | |
|---|---|
| Peter Christopher<br>2140 Kuhio Avenue# 2006<br>Honolulu, Hawaii 96815 | peteroahu2018@gmail.com |

PRO SE Defendant

DATED: July 19, 2018, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii