KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG #5111
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808)541-2850
E-mail:  Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00059 JMS-KSC |
|---|---|---|
| Plaintiff, | ) | Memorandum of Law |
| vs. | ) | |
| PETER CHRISTOPHER, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OF LAW**

Federal Rule of Criminal Procedure 16(b)(1)(C) provides in pertinent part:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial, if --
> (i)   the defendant requests disclosure under subdivision (a)(1)(G) and the government complies. . . .
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Under CrimLR16.1 of the Local Rules for the United States District Court of Hawaii:

> The government and the defendant shall make available discovery materials pursuant to Fed. R. Crim. P. 16 and 26.2 and 18 U.S.C. § 3500. . . .
>
> (b)  **The Defense Duty.**  Unless the defendant has filed notice that he or she does not request discovery under paragraph (a) of this rule or Fed. R. Crim. P. 16, or unless otherwise ordered by the court, within twenty-eight (28) days after the government complies with its Fed. R. Crim. P. 16(a) obligation, the defendant shall provide all discovery required by Fed. R. Crim. P. 16(b).

CrimLR16.1.

In this case, the government produced to the defendant 347 pages of discovery on May 15, 2018. This included material to which the defendant was not yet entitled, including Jencks Acts materials. The government is continuing to produce additional materials to the defendant as they become available to the government, as it continues to prepare for trial.

The defendant has not filed a notice that he does not request discovery under CrimLR16.1(a) and, consequently, is obligated to provide to the government his Rule 16(b) discovery.  (The defendant has previously acknowledged his discovery responsibilities and provided some discovery to the government but not anything related to his expert witnesses.).  This includes, as quoted above, summaries of the anticipated testimony of his expert witnesses, their opinions, the bases and reasons for their opinions, and their qualifications.

The government believes that most, if not all, of the experts relate to the defendant's desire to present a "necessity defense" to count 1.  The government would like the witness summaries as soon as possible to determine if there is a basis for moving to exclude such testimony altogether or, alternatively, whether *Daubert* motions are appropriate.

DATED: July 31, 2018, Honolulu, Hawaii.

KENJI M. PRICE  
United States Attorney  
District of Hawaii

By:   */s/ Marshall H. Silverberg*  
MARSHALL H. SILVERBERG  
Assistant U.S. Attorney