ORIGINAL

PETER CHRISTOPHER
2140 Kuhio #2006
Honolulu, Hawaii 96815
(808) 443-9814

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 27 2018

at 11 o'clock and 15 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 18-00059-JMS-KSC |
| Plaintiff, | ) |
| vs. | ) **Defendant's Motion to Dismiss** |
|  | ) **Count 2 of First Superseding** |
|  | ) **Indictment; Memorandum in** |
|  | ) **Support; Exhibits A-K; Certificate** |
| PETER CHRISTOPHER, | ) **of Service** |
| Defendant. | ) |
|  | ) Judge: The Hon. Chief Judge Michael |
|  | ) Seabright & Magistrate Judge Kevin Chang |

*ORAL ARGUMENT REQUESTED*

### Defendant's Motion to Dismiss Count 2 of First Superseding Indictment

I hereby move this Honorable Court that Count 2 should be dismissed, or in the alternate, that parts of Count 2 should be dismissed, on the following grounds. These grounds are independently and jointly sufficient for the relief requested:

1. All of Count 2, or parts thereof, are flawed due to an incorrect or unconstitutionally vague implicit interpretation, administration, and/or

1

enforcement of Title 18, United States code, Section 1542. Specifically, the statute cannot be broadened by actions of the Department of State and the enactment of Federal Regulations to apply beyond the language of the law which is clearly expressed in the statutory language "in an application". Any additional materials referenced in Count 2 of the indictment beyond the DS-11 form entitled "APPLICATION FOR A U.S. PASSPORT" are not part of the "application" and not subject to 18 U.S.C. 1542.

2. All of Count 2, or parts thereof, are flawed because its interpretation, administration, and/or enforcement here is based on definitions of "lost" and/or "false statement" that are incorrect or unconstitutionally vague.

3. Count 2 is flawed because it lacks a specific necessary element detailing how the alleged actions were in order to obtain a passport "contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws."

4. Count 2 is flawed because it lacks a materiality requirement.

5. Count 2 is flawed because it is based on an excessively categorical interpretation of the statute resulting in it being unconstitutionally vague on its face or as applied.

6. Count 2 is flawed because the above factors, even if individually insufficient, in combination conspire to result in being unconstitutionally vague as applied.

Count 2 of the First Superseding Indictment reads:

> Count 2: False Statement in a Passport Application (18 U.S.C. 1542)
> On or about April 1, 2016, in the District of Hawaii, PETER CHRISTOPHER, the defendant, willfully and knowingly made false statements in an application for a passport with intent to induce and secure for the use of another, namely his daughter, whose initials are G.G.C.S., the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application form, Form DS-11, and in other State Department Forms relating to such application, including Forms DS-64, DS-5525, and a DS-5525 Continuation form, the defendant falsely stated: (1) that G.G.C.S.'s United States passport, number 4330xxxxx, had been lost; (2) that he did not remember how G.G.C.S.'s United States passport had been lost; (3) that he did not know where the loss of G.G.C.S.'s United States passport had occurred, and (4) that the reason G.G.C.S. came to the United States in 2010 was that her mother had ceased to fulfill her obligations to care for G.G.C.S., instead leaving her with other family members who ultimately proposed to the defendant that G.G.C.S. move with him permanently to the United States, which statements the defendant knew to be false.
> All in violation of Title 18, United States code, Section 1542.

Title 18, United States code, Section 1542 reads:

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own

use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement--

Shall be fined under this title, imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

Without conceding the following to be true or relevant, this motion and the pleadings accompanying it are based, arguendo, upon the following hypothetical assumption that the government implies it will prove at trial:

1. At the time of the allegations of Count 2 (in 2016), Yasmina Sanchez - the mother of G.G.C.S. - had possession of the United States passport issued in the name of G.G.C.S., number 4330xxxxx, with her (Yasmina Sanchez) in Nicaragua, and I knew that.

2. The reason G.G.C.S. came to the United States in 2010 was different than "that her mother had ceased to fulfill her obligations to care for G.G.C.S.,

instead leaving her with other family members who ultimately proposed to the defendant that G.G.C.S. move with him permanently to the United States."

This motion is based upon the fair notice requirements of the Due Process clauses of the the Fifth and Fourteenth Amendments to the United States Constitution, Rule 12 of the Federal Rules of Civil Procedure, failure to state an offense, as well as the Memorandum and Declaration attached, and further argument and evidence that may be adduced at or before a hearing on this motion.

/s/ Peter Christopher
PETER CHRISTOPHER
Dated August 27, 2018 - Honolulu, Hawaii