ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 20 2018

at /0 o'clock and 53 min. AM
SUE BEITIA, CLERK

PETER CHRISTOPHER
2140 Kuhio #2006
Honolulu, Hawaii 96815
(808) 443-9814

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 18-00059-JMS-KSC |
| Plaintiff, | ) **Defendant's Motion to Dismiss** |
| | ) **Counts 1 and 2 of First Superseding** |
| vs. | ) **Indictment for Grand Jury** |
| | ) **Misconduct or to Compel** |
| PETER CHRISTOPHER, | ) **Production of Grand Jury records** |
| | ) **and DHS records; Memorandum in** |
| Defendant. | ) **Support;** |
| | ) |

Judge: The Hon. Chief Judge Michael Seabright & Magistrate Judge Kevin Chang

**Defendant's Motion to Dismiss Counts 1 and 2 of First Superseding Indictment for Grand Jury Misconduct or to Compel Production of Grand Jury records and DHS records**

I hereby move this Honorable Court to dismiss Counts 1 and 2 of the First Superseding Indictment, or compel production of materials, on the following grounds:

It appears likely Marshall Silverberg and Lance Bossard in the Grand Jury proceedings made inaccurate, irrelevant, and prejudicial statements. Although the

1

First Superseding indictment corrected some of the factual inaccuracies from the original indictment, nevertheless, the testimony and history created from the earlier proceedings resulted not only in the potential for prejudice but also actual prejudice.

Furthermore, the Grand Jury was not called on the basis of "public interest" as required by rule 6(e)(1), nor was it properly advised of its role gatekeeping arbitrary prosecution.

Additionally, the Grand Jury was not informed of the national security purpose or prosecution history of passport offenses, or how rarely they are actually prosecuted. Nor was it informed that the Spirit of the Hague Convention, to which the United States is a signatory country, is to pursue civil litigation to resolve international custody disputes, rather than resort to criminal proceedings.

Finally, the Grand Jury was not properly advised that it could consider affirmative defenses or request me to participate in order to form a complete picture; nor was I notified by the Federal Public Defender (FPD) appointed for me that the US Attorneys Manual in fact states "reasonable requests by a 'subject' or 'target' of an investigation, as defined above, to testify personally before the grand jury ordinarily should be given favorable consideration" and that I was able to make such a request; nor was I notified by the FPD that the US Attorneys Manual

2

further states "When a target is not called to testify pursuant to USAM 9-11.150, and does not request to testify on his or her own motion (see USAM 9-11.152), the prosecutor, in appropriate cases, is encouraged to notify such person a reasonable time before seeking an indictment in order to afford him or her an opportunity to testify before the grand jury, subject to the conditions set forth in USAM 9-11.152.".

This motion is based upon Federal Rule of Criminal Procedure 6 generally, 6(a)(1), 6(e)(3)(E)(i), 6(e)(3)(E)(ii), the Fifth Amendment of the US Constitution, the Hague Convention, as well as the Memorandum and Declaration attached.

In the alternative if the motion to dismiss is deferred pending further clear cause, I request the Court to issue an order disclosing full grand jury transcripts regarding me and those involving Lance Bossard, as well as to compel production of all State of Hawaii DHS records, which in their nature in this case will facilitate a clearer record regarding my concerns .

PETER CHRISTOPHER
Dated September 20, 2018 - Honolulu, Hawaii

3