PETER CHRISTOPHER
2140 Kuhio #2006
Honolulu, Hawaii 96815
(808) 443-9814

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 24 2018
at /0 o'clock and 3 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER CHRISTOPHER,<br><br>Defendant. | CR. NO. 18-00059-JMS-KSC<br><br>**Defendant's Declaration Regarding Opt-Out of Discovery Exchange**<br><br>Judge: The Hon. Chief Judge Michael Seabright & Magistrate Judge Kevin Chang |

## Defendant's Declaration Regarding Opt-Out of Discovery Exchange

1. I am Peter Christopher, the Defendant in this case.

2. Shortly prior to August 21, 2018 I was researching discovery exchange requirements and ethical disclosure issues.

3. On August 21, 2018 I found that mutual disclosure obligations under Hawaii LR 16 are subject to a 5-day opt-out window.

1

4. I was not informed of this opt-out option or the 5-day limit by the Federal Public Defender who previously represented me in this case.

5. On August 21, 2018, I sent an email to Marshall Silverberg, the AUSA prosecuting this case, stating among other things "please accept this email as formal notice to disengage from mutual discovery obligations of LR 16.1(a)".

6. On August 31, 2018, I sent a letter to the Court, in which I requested the Court hold a status conference regarding various issues involving discovery and ethical disclosure requirements. On that day, Friday September 14th, Judge Chang stated that if I want the Court to address this issue of opting out of Discovery, myself and standby counsel Megan Kau should file a declaration by September 25, 2018, for the Court to consider this issue with a more complete record.

7. Since August 21, 2018, the government and myself have not been exchanging discovery.

8. Prior to August 21, 2018, I provided the government with all materials that I had encountered that I intended to use in trial. This includes a small amount of audio-visual material, and a variety of documents from 2010 and other time periods.

9. Since August 21, 2018, I have showed standby counsel Megan Kau about 200 pictures in order to get some perspective on these on how they can be entered as evidence, some of which I believe I will want to enter as evidence. I have not yet focused on the task of deciding which of these to actually enter as evidence.

10. I have carefully considered the requirements of mutual discovery exchange and it is my conviction that in this case, it is to my disadvantage to to be subject to requirements of mutual discovery exchange.

    a. Part of the reason for this is because because it imposes on me a burden to provide reports of experts in advance of trial. It appears that some experts cannot meet the desired timelines for reports. Because of ongoing issues beyond my control, I cannot estimate with certainty when these experts will be able to complete their studies Additionally, certain experts findings might be informed by studies conducted by other experts. Forcing premature analyses would be prejudicial to me. Imagine if an early report were compelled and certain witnesses were still not located, or another related study was not yet ready. A subsequent report might include witnesses then located, or reference

other expert findings conducted on a different timeline.[1] But in the meantime, multiple versions of this or other reports would exist.

b. Additionally, it forces me to concentrate on questions of evidence now that I would rather address later at a different phase of trial preparation. I have tight deadlines given all the complexities of this case. One of these is the pretrial motions deadline which is rapidly coming up and in my opinion too early given the complexity of the factual and legal questions of this case.

c. Although the government has indicated it is "fundamentally unfair" that I have received more pages of their discovery than they have received of mine, actually a great deal of the materials they have provided would have been necessary under ethical disclosure requirements and/or have been presented as exhibits to government pleadings. They also include materials such as passport applications that the government should have produced to me in 2017 when I sent in FOIA requests but did not provide to me then. I have already told

---

[1] There is another not related issue regarding Dr. Acklin's report deadline, that I am currently attempting to resolve with the government. The service of the ex-parte application materials to the government was an error by a secretary. That report deadline was imposed by the Court in part because of that service error.

4

the Court and government a substantial portion of my likely testimony. On top of that, between my divorce case and this case, I have filed hundreds and hundreds of pages of signed pleadings that relate in various ways to issues also relevant here. On a lot of these issues, they have ample material to know what I'm going to say. I haven't hidden any record that I currently have and intend to produce.

d. Although the government claims that it has provided liberal discovery in order to reach a plea, the government has from my perspective not engaged in reasonable plea negotiation.

11. I have observed in other local Federal cases systemic confusion about, and abuse of, ethical disclosure expectations on the part of employees of the Hawaii US Attorneys office and Hawaii-based US State Department. In this case, the government has indicated multiple different and sometimes conflicting perspectives, many of them troubling. For instance, it has implied there are no materials subject to ethical disclosure requirements. Also, it has implied that without discovery exchange, the government would not be subject to disclose those materials. Judge Kobayashi and Judge Mollway (probably among others) have in recent years and days needed to be quite firm with evidentiary disclosure problems exposed at trial. I would rather

have the government properly focus on this obligation rather than providing me with hundreds of pages of irrelevant materials.

12. Finally I mention that I suggested to the government early on that we stipulate to a large number of factual matters and avoid the costs, prejudices, and complications of many of the witnesses. The government, strangely, refused. Instead, in proceeding, the government seeks to exclude relevant information and instead has made statements in open court and in pleadings that have been prejudicial to my character in the form of inaccurate rumors that have harmed my reputation. I didn't ask for this adversarial relationship, but if that is what I am faced with then I have to also make the choices so that I can focus time and financial resources most efficiently.

13. Thank you.

I swear under penalty of perjury that the aforegoing is true, and I am competent to testify to it.

*(signature)*

PETER CHRISTOPHER
Dated September 24, 2018 - Honolulu, Hawaii