PETER CHRISTOPHER
2140 Kuhio #2006
Honolulu, Hawaii 96815
(808) 443-9814

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 18-00059-JMS-KSC |
| Plaintiff, | ) **Memorandum in Support** |
| vs. | ) |
| PETER CHRISTOPHER, | ) |
| Defendant. | ) |

### Memorandum in Support

The government has an obligation not only to seek convictions, but to ensure that justice is done in a fair context. The Court has only the latter obligation.

History and tradition, oddly enough, typically see the Courtroom set up with the prosecution nearest the jury and the defendant further away. This practice violates due process considerations. The slight advantage it gives to the

prosecution has contributed in part to the convictions of innocent persons. It should stop generally, just as other jury and Courtroom practices have evolved over time.

I am not presently arguing for a new rule that will automatically apply to every courtroom, because this is not the forum for it. I do, however, argue that the Court certainly has the discretion to honor my request here. In fact, it would be an abuse of discretion to not allow it.

There is no strictly determinative case law applicable to this circumstance. The issue is rarely raised and appears to have never risen to the appellate level.

One time it was raised was in 2006, in Federal Court in Texas, during the Enron trial of Kenneth Lay (See Exhibits A and D). Judge Lake approved the request for the defense to choose its table.

The issue has also been explored in an article published in Champion Magazine of the National Association for Criminal Defense Lawyers (See Exhibit C) and in the Yale Law Review (See Exhibit B).

This Court for this trial has approved at prosecution's request an oath that does not have religious language; likewise it can approve a uniform seating policy that is fair to both sides.

*[signature]*
PETER CHRISTOPHER
Dated September 24, 2018 - Honolulu, Hawaii