IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>PETER CHRISTOPHER,<br><br>Defendant. | CR. NO. 18-00059 DKW-KSC<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS (ECF NOS. 147, 176 and 180) |

## I. **INTRODUCTION**

In three motions to dismiss, Defendant Peter Christopher ("Defendant" or "Christopher") moves this Court to dismiss Counts 1 and 2 of the First Superseding Indictment.[1]  ECF Nos. 147, 176 and 180.

On June 7, 2018, Christopher was charged by the grand jury with Wrongful Furnishing of Another's Passport under 18 U.S.C. § 1544 ("Count 1") and False Statement in a Passport Application under 18 U.S.C. § 1542 ("Count 2").  ECF No. 30 (First Superseding Indictment) at 2.

_____

[1]Christopher filed the three motions pro se.  However, at the November 5, 2018 hearing on the motions, he was represented by counsel.

Count 1 of the First Superseding Indictment alleges that:

On or about November 13, 2010, in the District of Hawaii and elsewhere, PETER CHRISTOPHER, the defendant, willfully and knowingly furnished United States passport number 455112078, issued and designed for the use of one of his daughters, a minor child whose initials are R.M.C., to another of his daughters, a minor child whose initials are G.G.C.S., for the use of G.G.C.S., well knowing that G.G.C.S. was not the person for whose use said passport was originally issued and designed.

*Id.*

Count 2 of the First Superseding Indictment alleges that:

On or about April 1, 2016, in the District of Hawaii, PETER CHRISTOPHER, the defendant, willfully and knowingly made false statements in an application for a passport with intent to induce and secure for the use of another, namely his daughter, whose initials are G.G.C.S., the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application, Form DS-11, and in other State Department Forms relating to such application, including Forms DS-64, DS-5525, and a DS-5525 Continuation form, the defendant falsely stated: (1) that G.G.C.S.'s United States passport, number 433048982, had been lost; (2) that he did not remember how G.G.C.S.'s United States passport had been lost; (3) that he did not know where the loss of G.G.C.S.'s United States passport had occurred, and (4) that the reason G.G.C.S. came to the United States in 2010 was that her mother had ceased to fulfill her obligations to care for G.G.C.S., instead leaving her with other family members who ultimately proposed to the defendant that G.G.C.S. move with him permanently to the United States, which statements the defendant knew to be false.

*Id.* at 2-3.

On August 27, 2018, Christopher filed "Defendant's Motion to Dismiss Count 2 of First Superseding Indictment." ECF No. 147. The Government filed its Opposition to that Motion on October 4, 2018. ECF No. 210. On September 14, 2018, Christopher filed "Defendant's First Motion to Dismiss Count 1 of First Superseding Indictment." ECF No. 176. The Government filed its Opposition to that Motion on October 3, 2018. ECF No. 208. On September 20, 2018, Christopher filed "Defendant's Motion to Dismiss Counts 1 and 2 of First Superseding Indictment for Grand Jury Misconduct or to Compel Production of Grand Jury records and DHS records." ECF No. 180. The Government filed its Opposition to that Motion on October 9, 2018. ECF No. 212. A hearing was held on these three Motions to Dismiss on November 5, 2018. For the following reasons, all three Motions are DENIED.

## II. <u>STANDARDS OF REVIEW</u>

### A. **Motion to Dismiss — Indictment**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), "a defect in the indictment," including "failure to state an offense," may be "raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." In considering such a motion, the

court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (quoting *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)).

The indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). "The essential purpose of an indictment is to give the defendant 'notice of the charge so that he can defend or plead his case adequately.'" *United States v. Neill*, 166 F.3d 943, 947 (9th Cir. 1999) (quoting *United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992)). An indictment is sufficient "[u]nder the Due Process Clause . . . if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Huping Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

## B.    Motion to Dismiss — Grand Jury Proceeding

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(v), "a defect in instituting the prosecution, including . . . an error in the grand-jury proceeding . . ."

may be "raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."

"[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Accordingly, for such a dismissal, it must be "established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Id.* at 256 (citation and internal editorial marks omitted).

## III. DISCUSSION

### A. Defendant's Motion to Dismiss Count 2 of First Superseding Indictment, ECF No. 147

In his first Motion to Dismiss, Christopher raises six grounds for dismissing Count 2 of the First Superseding Indictment. ECF No. 147 at 1-5. The Court addresses each ground in turn.

#### 1. Ground One

18 U.S.C. § 1542[2] implicates false statements made "in an application for passport." Christopher challenges whether Forms DS-64 and DS-5525 — in which

---

[2]18 U.S.C. § 1542 provides:

(continued . . .)

he allegedly made false statements — can be considered part of "an application for passport" for purposes of § 1542. *Id.* at 21. Christopher argues that what documents are included "in an application for passport" can be defined only by statute (and not by regulations). ECF No. 147-1 at 20.

According to the First Superseding Indictment, Christopher used U.S. Department of State Forms DS-11, DS-64, and DS-5525 in applying for a passport for his daughter, G.G.C.S. ECF No. 30 at 3. Form DS-11 (Application for a U.S. Passport) provides that an applicant must submit: (1) Form DS-64 (Statement Regarding a Lost or Stolen U.S. Passport) if the previous U.S. passport was lost; and (2) Form DS-5525 (Statement of Exigent/Special Family Circumstances for

_____

(. . . continued)

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

> Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement—

> Shall be fined under this title, imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

Issuance of a U.S. Passport to a Minor Under Age 16) if only one parent appears to apply for a child's passport.  ECF Nos. 147-9, 147-10, 147-11, 147-13, 210-2, 210-3, 210-5, 210-6, 210-7, 210-8, 210-9.  It is thus evident from the forms themselves that DS-64 and DS-5525 constitute a part of the passport application that Christopher submitted on behalf of G.G.C.S.

Moreover, Christopher ignores that § 1542 makes unlawful false statements in an application for passport when they are "contrary to the laws regulating the issuance of passports *or the rules prescribed pursuant to such laws*."  Thus, rules prescribed pursuant to passport laws may be utilized to determine which documents are included in an "application for passport."  Title 22 Code of Federal Regulations ("CFR") § 51.20[3] makes clear that an application for a passport includes the forms that the U.S. Department of State prescribes.  The Department of State Form DS-11 used for an application for passport, requires Forms DS-64

---

[3]22 CFR § 51.20 provides:

> (a) An application for a passport, a replacement passport, or other passport related service must be completed using the forms the Department prescribes.

> (b) The passport applicant must truthfully answer all questions and must state every material matter of fact pertaining to his or her eligibility for a passport.  All information and evidence submitted in connection with an application is considered part of the application.  A person providing false information as part of a passport application, whether contemporaneously with the form or at any other time, is subject to prosecution under applicable Federal criminal statutes.

and DS-5525 for an application like the one submitted by Christopher. Thus, each of these forms is governed by § 1542.[4]

## 2. *Ground Two*

Christopher appears to bring a vague-as-applied challenge by arguing that a reasonable person would not understand the term "lost" in the application for a U.S. passport (such as in Forms DS-11 and DS-64). ECF No. 147-1 at 22-28. "'A statute is void for vagueness if its prohibitions are not clearly defined, because people of ordinary intelligence ought to be able to know what is prohibited, and laws must provide explicit standards for those who apply them to avoid arbitrary and discriminatory enforcement by police, judges and juries.'" *United States v. Naghani*, 361 F.3d 1255, 1259 (9th Cir. 2004) (quoting *United States v. Harris*, 185 F.3d 999, 1004 (9th Cir. 1999)). Thus, courts examine "'the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited.'" *Id.* at 1259-60 (quoting *United States v. Fitzgerald*, 882 F.2d 397, 398 (9th Cir. 1989)).

A reasonable person of ordinary intelligence would understand that declaring that G.G.C.S.'s passport was "lost" in Forms DS-11 and DS-64 — when

---

[4]Christopher also argues, without more, that "the paragraph of the statute is void for vagueness on its face or as applied." ECF No. 147-1 at 21. Christopher provides no basis for this argument, and the Court finds it meritless.

the applicant knew all along that the passport was in the possession of the child's mother, from whom the applicant was estranged — is prohibited by § 1542 . *See United States v. Hack*, 2009 WL 577762, at *4-6 (C.D. Cal. Mar. 4, 2009) (finding that Forms DS-11 and DS-64 were not vague as applied under the facts of that case, which concerned checking the "lost" box).  A reasonable person of ordinary intelligence would also understand that § 1542 prohibits stating: (1) "I don't remember" on the form to explain the circumstances surrounding a lost passport when, in fact, the applicant knew the whereabouts of the "lost" passport; and (2) "not known" when asked to explain how that same passport was allegedly "lost." ECF No. 210-2 at 7.  Thus, Christopher's vague-as-applied challenge fails.[5]

### 3.    *Ground Three*

Christopher argues that the first paragraph of § 1542 should have a specific intent requirement.  But, as Christopher acknowledges, the Ninth Circuit rejected that very argument in *United States v. Aifang Ye*, 808 F.3d 395, 401 (9th Cir. 2015) ("We now join our sister circuits and hold that, consistent with *Browder* [*v. United*

---

[5]Christopher makes an additional vagueness-related  argument.  He argues that it is not clear from the forms whether the passport is "lost" to the child or "lost" to the adult submitting the application for the child.  ECF No. 147-1 at 24.  This argument is meritless because it was Christopher, the adult, not G.G.C.S., the child, who signed the application, declaring "under penalty of perjury . . . the statements made on the application are true and correct [and] I have not knowingly and willfully made false statements or included false documents in support of this application."  *See* ECF No. 210-2 at 2.

*States*, 312 U.S. 335 (1941)], a conviction under the first paragraph of 18 U.S.C. § 1542 does not require specific intent."). *See* ECF No. 147-1 at 29 n.5. Christopher also argues that *Ye* should be limited to (1) representations made in Form DS-11 and (2) acts violating a specific law clearly referenced by § 1542. ECF No. 147-1 at 32. As discussed above in Ground One, § 1542 is not limited to Form DS-11. Further, *Ye* does not require the indictment to allege a specific law or regulation besides § 1542. *See United States v. Herrera*, 2016 WL 3693799, at *11 (C.D. Cal. June 6, 2016) (discussing *Ye*, the district court stated "there is no requirement that an indictment allege that a specific law or regulation, other than Section 1542, was violated by the issuance of the passport.").

### 4.  *Ground Four*

Christopher argues that Count 2 is "flawed in that it lacks a materiality requirement." ECF No. 147-1 at 34. But, as Christopher acknowledges, the Ninth Circuit rejected that exact argument in *United States v. Hart*, 291 F.3d 1084, 1085 (9th Cir. 2002) ("This appeal presents the question whether materiality is an element of the crime of making a false statement in an application for a United States passport in violation of 18 U.S.C. § 1542 . . . . [we] now explicitly hold that proof of materiality is not required for this 'false statement' offense."). *See* ECF No. 147-1 at 34. Christopher also argues that *Hart* should be limited to

10

representations made in Form DS-11. ECF No. 147-1 at 35. As discussed above in Ground One, § 1542 is not limited to Form DS-11.

### 5. Ground Five

Christopher argues that the Court should dismiss the indictment because "Congress did not intend for [§ 1542] with only serious felony level consequences to apply to conduct such as considered here." ECF No. 147-1 at 36. But it is for Congress, not the courts, to prescribe the punishment for a § 1542 offense. *See Whalen v. United States*, 445 U.S. 684, 689 (1980) (explaining the "basic principle that within our federal constitutional framework the legislative power, including the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly with the Congress"). Thus, the Court cannot provide Christopher with the remedy he seeks.[6]

### 6. Ground Six

Christopher argues that "the cumulative effect of the multiple individual layers of vagueness" make § 1542 unconstitutionally vague. ECF No. 147-1 at 37. As discussed above, each of Christopher's vagueness arguments fail. In

---

[6]Christopher makes a vagueness argument seemingly based on a lack of clarity from Congress concerning its intent in prescribing the punishments for § 1542 violations. ECF No. 147-1 at 37. Congress clearly prescribed the punishment levels in § 1542. Accordingly, this argument is meritless.

combination, these arguments must also fail.  Section 1542 is not unconstitutionally vague.

Because each of Christopher's grounds for challenging Count 2 of the First Superseding Indictment fails, the Court denies his first Motion to Dismiss.

## B.     Defendant's First Motion to Dismiss Count 1 of First Superseding Indictment, ECF No. 176

Christopher argues that Count 1 of the First Superseding Indictment fails to state an offense.  ECF No. 176 at 1-2.

### 1.     *Plain Meaning of "Whoever"*

Christopher argues that the indictment is insufficient because it fails to charge the involvement of "unlawful aliens."  ECF No. 176-1 at 3.  Christopher asserts that the relevant statute, 18 U.S.C. § 1544[7], does not apply to U.S. citizens.

---

[7]18 U.S.C. § 1544 provides:

> Whoever willfully and knowingly uses, or attempts to use, any passport issued or designed for the use of another; or
>
> Whoever willfully and knowingly uses or attempts to use any passport in violation of the conditions or restrictions therein contained, or of the rules prescribed pursuant to the laws regulating the issuance of passports; or
>
> Whoever willfully and knowingly furnishes, disposes of, or delivers a passport to any person, for use by another than the person for whose use it was originally issued and designed--
>
> Shall be fined under this title, imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section

(continued . . .)

When interpreting a statute, we are guided by the fundamental canons of statutory construction and begin with the statutory text.  We interpret statutory terms in accordance with their ordinary meaning, unless the statute clearly expresses an intention to the contrary.  We must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.  Additionally, particular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme.

*United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015) (citations and internal editorial marks omitted).

Nothing in the language of § 1544 limits the scope of the statute to "unlawful aliens."  Rather, § 1544 expressly provides that it applies to "[w]hoever."  18 U.S.C. § 1544.  In fact, the Ninth Circuit interpreted the term "whoever" in 18 U.S.C. § 1546 (a similar statute concerning fraud and misuse of visas and permits) to apply to anyone — including U.S. citizens.  *United States v.*

---

(. . . continued)
    2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

*Thomsen*, 830 F.3d 1049, 1059 (9th Cir. 2016).  Accordingly, § 1544 applies to

U.S. citizens, and Christopher's challenge fails.[8]

### 2.    *National Security Threat*

Christopher next argues that the indictment is insufficient because it fails to

state that Christopher's conduct threatened the national security of the United

States, the protection of which is the purported purpose of § 1544.  ECF No. 176-1

at 4.  The United States Supreme Court has long rejected a narrow application of

passport laws:

> The fact that at the time of the passage of the act, passports were not
> customarily used by citizens to assure easy reentry is brought forward
> by petitioner to support the argument that Congress did not intend to
> punish uses such as the one charged here.  There is nothing in the
> legislative history to indicate that Congress considered the question of
> use by returning citizens.  Old crimes, however, may be committed
> under new conditions.  *Old laws apply to changed situations.*  The
> reach of the act is not sustained or opposed by the fact that it is sought
> to bring new situations under its terms.  While a statute speaks from
> its enactment, even a criminal statute embraces everything which
> subsequently falls within its scope.  The use here charged under these
> tests was clearly within the scope of the act.  *The purpose of this act
> was to punish the use of passports obtained by false statements.*

---

[8]Christopher also asserts that Application Note 1 to U.S.S.G. § 2L2.1 limits § 1544's application
to "unlawful aliens."  ECF No. 176-1 at 3.  Even if that Application Note could be read in the
manner proposed by Christopher (it does not), the Court cannot follow an Application Note if it
contradicts the plain language of the statute.  *See United States v. Rising Sun*, 522 F.3d 989, 996
(9th Cir. 2008) ("Application notes like this one are treated as authoritative interpretations of the
Sentencing Guidelines, *unless they violate the Constitution or a federal statute* or are
inconsistent with, or a plainly erroneous reading of, the Guideline they are meant to interpret."
(emphasis added)).

*Browder v. United States*, 312 U.S. 335, 339-40 (1941) (emphasis added)

(footnotes omitted).  Thus, the Government need not allege that

Christopher's conduct threatened the national security of the United States.

### 3.    *Passport Number*

Next, Christopher argues that the indictment is insufficient because it "does

not make clear whether a passport itself was furnished, or whether a passport

number was furnished."  ECF No. 176-1 at 4.  The First Superseding Indictment

states, in relevant part, that Christopher "willfully and knowingly furnished United

States passport number 455112078, issued and designed for the use of one of his

daughters . . . ."  ECF No. 30 at 2.  While the Government acknowledges that using

a comma between "passport" and "number" would have made the indictment more

clear, the Government argues that the indictment is not constitutionally defective.

ECF No. 208 at 14.  The Court agrees.

"The test for sufficiency of the indictment is 'not whether it could have been

framed in a more satisfactory manner, but whether it conforms to minimal

constitutional standards.'"  *United States v. Holden*, 806 F.3d 1227, 1233 (9th Cir.

2015) (quoting *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009)).  "The

indictment must be liberally construed in favor of validity, and it is only required

that the necessary facts appear in any form or by fair construction can be found

within the terms of the indictment." *Id.* (internal citations and quotation marks omitted). "An indictment must be read in its entirety and construed with 'common sense and practicality.'" *Awad*, 551 F.3d at 936 (quoting *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995)).

When read with "common sense and practicality," the First Superseding Indictment refers to furnishing a passport (not a number) in violation of § 1544. Count 1 provides, in relevant part: "the defendant[] willfully and knowingly furnished United States passport number 455112078 . . . for the use of G.G.C.S., well knowing that G.G.C.S. was not the person for whose use *said passport* was originally issued and designed." ECF No. 30 at 2 (emphasis added). The later language ("said passport") clarifies any possible ambiguity in the earlier language ("passport number 455112078") by clearly indicating that a passport, rather than a passport number, is at issue. Thus, the use of "passport number 455112078" in the First Superseding Indictment did not render it constitutionally insufficient.

### 4. *Furnishing Passport*

Next, Christopher argues that the indictment is insufficient based on the language in Count 1 concerning "furnishing" a passport. Count 1 provides, in relevant part: "defendant[] willfully and knowingly *furnished* [R.M.C.'s passport] . . . for the use of G.G.C.S. . . . ." ECF No. 30 at 2 (emphasis added).

Christopher first argues that this language does not indicate which § 1544 paragraph is implicated. ECF No. 176-1 at 5. But only the third paragraph of § 1544 concerns furnishing a passport. *See* 18 U.S.C. § 1544 ("Whoever willfully and knowingly *furnishes*, disposes of, or delivers a passport to any person, for use by another than the person for whose use it was originally issued and designed . . ." (emphasis added)). Thus, one need not guess -- it is clear that only the third § 1544 paragraph is implicated.

Christopher next argues that "[p]resenting a passport to an agent on behalf of another is not covered by the third paragraph [of § 1544]." ECF No. 176-1 at 6-7. In Christopher's estimation, the third paragraph of § 1544 would only apply if he physically handed the passport to G.G.C.S., and would not apply if he physically handed the passport on behalf of G.G.C.S. to the Customs and Border Patrol Officer ("CBPO"). *Id.* This narrow interpretation of the scope of § 1544's third paragraph is not supported by the plain language of the statute. The statute applies to "[w]hoever furnishes . . . a passport to *any person*, for use by another than the person for whose use it was originally issued and designed . . . ." 18 U.S.C. § 1544 (emphasis added).

Christopher also argues for a narrow definition of "furnish," which would not include physically handing over the passport to a CBPO. ECF No. 176-1

at 7-8. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). "When determining the plain meaning of language, we may consult dictionary definitions." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1088 (9th Cir. 2007) (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). Christopher utilizes a definition of "furnish" from thelawdictionary.com ("[t]o supply; provide; provide for use"), but that definition in no way narrows the meaning of "furnish" in the way Christopher suggests. *Id.* at 6. Rejecting an "artificially narrow construction" of "furnish," the Tenth Circuit explained the "plain, unambiguous meaning of the term 'furnish'" as follows:

> Black's Law Dictionary defines furnish as "[t]o supply, provide, or equip, for accomplishment of a particular purpose." Black's Law Dictionary 466 (6th ed. 1990). Webster's dictionary defines furnish as "to provide with what is needed" and lists as synonyms "supply" and "give." Webster's Ninth New Collegiate Dictionary 498 (1984).

*Johns v. Stewart*, 57 F.3d 1544, 1556 (10th Cir. 1995). The "plain, unambiguous" meaning of "furnish" encompasses Christopher handing R.M.C.'s passport to either G.G.C.S. or a CBPO for G.G.C.S.'s use.

### 5. *In the Alternative*

Christopher requests that, in the alternative, the Court issue an order notifying the Government that it must prove that Christopher physically "furnished" the passport to G.G.C.S. to succeed on Count 1. ECF No. 176-1 at 8. For the reasons stated above, Christopher's arguments concerning "furnishing" a passport under § 1544 are meritless, and thus this request is denied.

Because Christopher has not shown that Count 1 of the indictment is defective, Christopher's second motion to dismiss is denied.

### C. Defendant's Motion to Dismiss Counts 1 and 2 of First Superseding Indictment for Grand Jury Misconduct or to Compel Production of Grand Jury Records and DHS Records, ECF No. 180

In his third motion to dismiss, Christopher alleges that the grand jury proceedings involved a number of due process violations by the Government. ECF No. 180 at 1-3; ECF No. 180-1 at 4-8. But Christopher fails to proffer any evidence to support these allegations.

### 1. *Evidence Presented to the Grand Jury*

Christopher makes a number of allegations concerning the Government's investigation of his case and its presentation of evidence from that investigation to the grand jury. Christopher alleges that Assistant U.S. Attorney Marshall Silverberg and Special Agent Lance Bossard "made inaccurate irrelevant, and

prejudicial statements" to the grand jury.  ECF No. 180 at 1.  Christopher also

alleges that, "Although the First Superseding [I]ndictment corrected some of the

factual inaccuracies from the original indictment, nevertheless, the testimony and

history created from the earlier proceedings resulted" in prejudice.  *Id.* at 1-2.

Christopher also alleges that a proper investigation was not conducted prior to the

presentation of evidence to the grand jury, and asserts that the State Department

assisted witnesses in "trump[ing] up" their testimony.  ECF No. 180-1 at 2-3, 7.

An indictment may be dismissed when "the government's investigatory or

prosecutorial conduct violates a defendant's due process rights."  *United States v.*

*King*, 200 F.3d 1207, 1213 (9th Cir. 1999).  However, dismissal based on

governmental misconduct "is considered a drastic step and is generally disfavored

as a remedy."  *United States v. Fuchs*, 218 F.3d 957, 964 (9th Cir. 2000) (citation

and internal editorial marks omitted).  To violate due process, governmental

misconduct must be "so grossly shocking and so outrageous as to violate the

universal sense of justice."  *King*, 200 F.3d at 1213 (citation and internal editorial

marks omitted).  Because Christopher provides no evidence to support his

allegations of governmental misconduct, Christopher falls far short of meeting his

burden to show governmental misconduct that rises to a violation of due process.

Further, "courts have sharply limited a defendant's ability to challenge the nature of evidence presented to a grand jury." *United States v. Claiborne*, 765 F.2d 784, 791 (9th Cir. 1985), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988). A facially valid indictment is not subject to a "challenge to the reliability or competence of the evidence presented to the grand jury." *Bank of Nova Scotia*, 487 U.S. at 254 (citing *United States v. Calandra*, 414 U.S. 338, 344-45 (1974)); *see also United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974) ("[W]hen a duly constituted grand jury returns an indictment valid on its face, no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision.") (citing *Costello v. United States*, 350 U.S. 359 (1956)).

As all of Christopher's challenges to the facial validity of the First Superseding Indictment fail, Christopher may not challenge the reliability or competence of the evidence presented by the Government to the grand jury. Further, Christopher provides no evidence to support his allegations regarding the nature of the evidence.

### 2. *Procedural Error*

Christopher asserts that the Government did not follow several required procedural steps in making its presentation to the grand jury. He alleges that the

grand jury was not "called on the basis of 'public interest'" and not properly advised of its gatekeeping role. ECF No. 180 at 2. The Court agrees that a grand jury must be summoned "[w]hen the public interest so requires," Fed. R. Crim. P. 6(a), and a federal grand jury charge generally includes instruction on the grand jury's gatekeeping role. But Christopher proffers no evidence that these steps were not taken here. Grand jury proceedings have a presumption of regularity. *See Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974); *Vuckson v. United States*, 354 F.2d 918, 921 (9th Cir. 1966) (discussing the grand jury, the Ninth Circuit stated "there is a strong presumption that all procedures in connection therewith were regular."). Accordingly, because Christopher proffers no evidence to overcome this presumption, his argument fails.

Christopher also asserts that the Government must inform the grand jury: (1) of the "purpose or prosecution history of passport offenses, or how rarely they are actually prosecuted"; (2) of the Hague Convention; (3) that it must consider affirmative defenses; (4) that it could request for Christopher "to participate in order to form a complete picture"; and (5) "that [the Government] was permitted by law to show a biased and incomplete picture of reality . . . " to the grand jury. ECF No. 180 at 2; ECF No. 180-1 at 7. Christopher provides no legal authority

(and the Court finds none) to support his claims that the Government must inform the grand jury about these topics.[9]

### 3. *In the Alternative*

As an alternative to dismissal, Christopher requests disclosure of the grand jury transcripts and production of State of Hawaii DHS records. ECF No. 180-1 at 8. Grand jury transcripts concerning the testimony of Special Agent Lance Bossard were ordered produced to Christopher on October 9, 2018 for reasons unrelated to this Motion. ECF No. 214. As Christopher has provided no evidentiary support for his allegations concerning grand jury misconduct, the Court denies his requests for (1) production of State of Hawaii DHS records and (2) production of grand jury transcripts not already ordered produced.

Because Christopher has not met his burden to show prejudicial error in the grand jury proceedings, the Court denies his third motion to dismiss.

---

[9]In addition to relying on due process, Christopher argues that he should have been notified by his prior counsel about certain parts of the U.S. Attorney's Manual concerning the Government allowing a target of an investigation to testify in front of the grand jury. ECF No. 180 at 2. He offers no legal authority for this argument. *Id.* Moreover, his counsel could not have provided notice of something of which he was unaware. *See* ECF No. 212 at 9 (uncontroverted assertion that prior counsel was not aware of the investigation until after indictment). Further, the Ninth Circuit has previously stated that the U.S. Attorneys' Manual does not create any rights. *See United States v. Lorenzo*, 995 F.2d 1448, 1453 (9th Cir. 1993) ("[T]he U.S. Attorneys' Manual 'is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.'" (citing U.S. Attorneys' Manual, § 1-1.100)).

## IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES each of Christopher's Motions

to Dismiss (ECF Nos. 147, 176 and 180).

IT IS SO ORDERED.

DATED:  November 28, 2018 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*United States v. Christopher*, Cr. No. 18-00059 DKW-KSC; Order Denying
Defendant's Motions to Dismiss (ECF Nos. 147, 176 and 180)