FOR THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 18-00059 DKW-RT |
| | ) | CV No. 20-00517 DKW-RT |
| Plaintiff, | ) | |
| | ) | Order Granting Government's Motion |
| vs. | ) | Finding A Waiver of the |
| | ) | Attorney-Client Privilege |
| PETER CHRISTOPHER, | ) | Communications Between |
| | ) | Defendant Peter Christopher and |
| Defendant. | ) | his Former Counsel, Salina |
| | ) | Althof, Esq. |
| | ) | |

On November 25, 2020, Defendant Peter Christopher filed a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Dkt. No. 413.  In relevant part, in Ground 9, Christopher claims that he received ineffective assistance of counsel from his attorney at that time, Salina Althof, Esq.  Christopher claims that Ms. Althof failed to present factual evidence and make legal arguments which could have resulted in him receiving a lesser sentence.

On January 4, 2021, the Government filed the instant motion ("motion"), seeking an Order from this Court finding a waiver of the attorney-client privilege between Christopher and Ms. Althof.  Dkt. No. 416.  The Government claims that it needs access to privileged communications between Defendant and Ms. Althof

to explain why Ms. Althof did what she did in preparing for and presenting her arguments in the sentencing hearing. On January 19, 2021, Defendant responded to the motion, Dkt. No. 418. Christopher does not object to a waiver finding, but seeks certain protections related to the same. On January 22, 2021, the Government filed a reply, Dkt. No. 419.

Having considered the parties' briefing on the matter, the motion is GRANTED as set forth below. For purposes of this habeas proceeding, the Court finds that, in filing his Section 2255 motion to vacate, Christopher has waived the attorney-client privilege between himself and his former attorney Salina Althof with respect to all matters raised in the Section 2255 motion related to Althof's representation of Defendant at sentencing. *See Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003) (stating that the waiver is limited to privileged communications needed to adjudicate the ineffective assistance of counsel claim presented). Ms. Althof is authorized to provide to the Government any communications, documents, and information necessary to respond to the allegations of ineffective assistance of counsel raised in Defendant's Section 2255 motion to vacate.

The attorney-client privilege, which attached to the communications between Defendant and his former counsel, Ms. Althof, shall not be deemed

automatically waived in any other Federal or State proceeding by virtue of the above-permitted disclosure in this Section 2255 proceeding.  Any declaration, information, or documents supplied by Ms. Althof shall be limited to use in this proceeding, and the Government is prohibited from otherwise using the privileged information disclosed by Ms. Althof without further order from this Court.

The Government is ordered to file under seal any filing containing privileged matters, with access to such filing to be limited to the Court and the parties in this case.

All other requests for protection sought in Defendant's response brief are DENIED.

IT IS SO ORDERED.

Dated: January 25, 2021 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*United States of America vs. Peter Christopher*; CR 18-00059 DKW-RT and Civil No. 20-00517 DKW-RT; **Order Granting Government's Motion Finding A Waiver of the Attorney-Client Privilege Communications Between Defendant Peter Christopher and his Former Counsel, Salina Althof, Esq.**