IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER CHRISTOPHER,<br><br>Defendant. | Case No. 18-cr-00059-DKW-RT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CLARIFY & MODIFY TERMS OF SUPERVISED RELEASE** |

On April 22, 2021, before the arrival of his May 27, 2021 Bureau of Prisons' projected release date[1] and the onset of his three-year term of supervised release, Defendant Peter Christopher filed a "Motion to Clarify & Modify Terms of Supervised Release." Dkt. No. 434. With input from the United States Probation Office (Dkt. No. 440) and the United States Attorney's Office (Dkt. No. 442), the Court GRANTS IN PART and DENIES IN PART Defendant's Motion as follows.

First, Defendant states that, between his sentencing and the minutes of his sentencing, he is unclear what the conditions of his supervised release might be. Defendant is looking in the wrong place. The Judgment (Dkt. No. 395) identifies the Mandatory, Standard, and Special Conditions that apply to

---

[1] *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited May 14, 2021).

Defendant's supervised release term. Upon reference to the Judgment, much of Defendant's perceived confusion should be resolved. For instance, the Judgment clearly indicates that the "drug testing condition" that Defendant wishes to avoid is not applicable. Similarly, the conditions do not restrict inter-island travel. Why Defendant thinks otherwise is not clear. The Court declines to itemize, or further clarify, Defendant's conditions when he should be able to obtain that clarity on his own by reference to this controlling document.

Second, Defendant seeks deletion of certain financial-related conditions. The Court agrees that, given Defendant's satisfaction of restitution, as well as the Court-imposed fine, Special Condition Nos. 1, 2, 4 and 5 are no longer necessary, and are hereby deleted, and Special Condition No. 7 is modified to read as follows: "You must not possess or use any personal identification documents, such as passports, that are not legally issued to you, except for work purposes or as otherwise approved by the Court." The Court declines to eliminate Special Condition No. 3 or further modify Special Condition No. 7, as each is necessary for the Probation Office to provide its oversight function, including with respect to Special Condition No. 8.

Third, Defendant seeks deletion of Special Condition No. 6 because of his self-described "good behavior" and the absence of "any serious medical

condition." The Court declines to do so. The basis of Special Condition No. 6, largely identified by the Probation Office in Dkt. No. 440 at 2, remains. Finally, Defendant seeks the removal of Standard Condition No. 3. Standard Condition No. 3 does not prohibit domestic or international travel. It merely imposes an advanced permission requirement that will not be unreasonably withheld, is not onerous and requires only a modicum of foresight. Mere inconvenience, which is all Defendant cites, is no reason to remove a Standard Condition, such as this one, particularly given the circumstances surrounding Defendant's underlying offense.

    IT IS SO ORDERED.

    DATED: May 14, 2021 at Honoluluʻi, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

---

*United States of America v. Peter Christopher*; CR 18-00059 DKW-RT; **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CLARIFY & MODIFY TERMS OF SUPERVISED RELEASE**